IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 cr 69-2

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMERSON DARREN JONES, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is a violation report [# 107] and three addendums [# 108, # 109, # 111] filed by the United States Probation Office alleging Defendant violated terms and conditions of his pretrial release. On August 10, 2018, the Court held a bond revocation hearing. Defendant was present with his counsel, Joseph Carroll Bowman, and the Government was present through AUSA John Pritchard. From the evidence offered, the statements of the Government and Defendant, and the records in this cause, the Court makes the following findings.

**Findings**. On April 3, 2018, the grand jury issued an indictment charging Defendant with one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846; and five counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). [# 1]. On January 3, 2014, Defendant pleaded guilty to the drug conspiracy count. [# 43]. On March 3, 2015, the District Court sentenced Defendant to a term of imprisonment of 63 months, 4 years of supervised release, and a $100 special assessment. [# 88]. On May 5, 2017, Defendant began his supervised release. [*See* # 98].

On February 9, 2018, the U.S. Probation Office filed a petition for a warrant alleging Defendant had violated the terms of his supervised release. [# 98]. On February 22, 2018, this Court released Defendant pending his final supervised release revocation hearing. The Court released Defendant on a $25,000 unsecured bond and terms and conditions of pretrial release. [# 102, # 103]. The Court's terms and conditions of pretrial release included:

(1) The defendant must not violate any federal, state or local law while on release; and

(8)(p) The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On May 2, 2018, the U.S. Probation Office filed a petition for a warrant alleging Defendant had violated the terms of his pretrial release. [# 107]. On May 2, 2018, the Probation Office filed its first Addendum. [# 108]. On May 7, 2018, the Probation Office filed its Second Addendum. [# 109]. On August 9, 2018, the Probation Office filed its Third Addendum. [# 111]. On that same date, Defendant was arrested. On August 10, 2018, Defendant appeared before this Court for his bond revocation hearing. At the call of the matter, the Defendant admitted that he had used drugs. The Government then presented evidence through United States Probation Officer Brannon Curtis.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows:

The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—

(1)     finds that there is—
(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
(B) clear and convincing evidence that the person has violated any other condition of release; and

> (2) finds that—
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the Court finds there is clear and convincing evidence to believe that Defendant has violated two terms and conditions of his release: drug use and violation of a federal, state or local law while on release.[1] Thus, a rebuttable presumption arises that no condition or combination of conditions will assure that Defendant will not pose a danger to the safety of any other person or the community.

Due to the findings made above, the presumption that has been created, and considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. The Court believes that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release.

As a result, the Court has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and

---

[1] While the amount of drugs Defendant admitted to was at the misdemeanor level, it still is a violation of a law.

entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** the unsecured bond [# 102] and terms and conditions of pretrial release [# 103] entered in this matter are hereby **REVOKED** and it is **ORDERED** Defendant be detained pending further proceedings in this matter.

Signed: August 13, 2018

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge